IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In re:**

| | |
|---|---|
| **PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,** | Case No. 6:24-bk-60001 |
| **Debtor** | Chapter 7 |

### UNITED STATES TRUSTEE'S RESPONSE TO THE DEBTOR'S REPORT ASSERTING THAT THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN IS NOT NECESSARY

Gerard R. Vetter, Acting United States Trustee for Region 4, pursuant to 11 U.S.C. § 333, hereby responds to the Debtor's Report of January 23, 2024 wherein the Debtor asserts that the appointment of a patient care ombudsman is not necessary.

**Factual and Procedural History**

The Debtor, Primecare Medical of West Virginia, Inc. ("Primecare", is a health care business that filed a Chapter 7 Petition and Schedules on January 17, 2024. (Dkt. 1) The Court scheduled an evidentiary hearing to consider the appointment of a patient care ombudsman in this matter on February 1, 2024, and directed the Debtor to file a Report that briefly describes the Debtor's business and whether the Debtor believes the appointment of a patient care ombudsman is necessary. (Dkt. 5) The Debtor filed this Report and asserts therein that the appointment of a patient care ombudsman is not necessary. (Dkt. 8)

**Legal Standard**

11 U.S.C. § 333 mandates that "the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of a health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the

1

specific facts of the case" when a health care business files for protection under Chapter 7, 9, or 11 of the bankruptcy code. 11 U.S.C. § 333(a). This Court has adopted the standard of weighing the Debtor's evidence against nine (9) factors, and the burden of proof lies with the Debtor. "Regarding the balance of the statutory requirements, the burden rests with the party opposing the appointment." *In re Thomas Health Sys.*, 2020 Bankr. LEXIS 965, at 3-4 (Bankr. S.D. W. Va. Apr. 6, 2020). The factors are as follows: 1) the cause of the bankruptcy; 2) the presence and role of licensing or supervising entities; 3) the debtor's past history of patient care; 4) the ability of the patients to protect their rights; 5) the level of dependency of the patients on the health care facility; 6) the likelihood of tension between the interests of the patient and the debtor; 7) the potential injury to the patients if the debtor drastically reduced its level of patient care; 8) the presence and sufficiency of internal safeguards to ensure the appropriate level of care; and 9) the impact of the cost of the ombudsman on the likelihood of a successful reorganization.[1] *Id*.

**Argument**

The Debtor has identified itself as a health care business as defined by 11 U.S.C. 101(27A) in its verified Petition, thereby triggering this Court's obligation to appoint an ombudsman unless the Debtor demonstrates to the Court's satisfaction that the facts of the case weighed against the nine factors rebut the showing that a patient care ombudsman should be appointed.

At this stage, the Court does not have a sufficient factual and evidentiary record to make this determination. As the leading treatise on Bankruptcy Law explains, any hearing on a motion requesting a determination that an ombudsman is not necessary "should be an evidentiary hearing because the bankruptcy court could not, without specific evidence, decide that the facts do not warrant the appointment of an ombudsman." 3 Collier on Bankruptcy, ¶ 333.02 (16th 2022). While

---

[1] It does not appear that reorganization is or may become practicable for this Chapter 7 Debtor. Nonetheless the cost of the ombudsman is relevant considering the Debtor's apparent inability to pay for the same.

the United States Trustee has no reason to doubt the veracity of any of counsel's representations, many of them, even if accurate, require more factual elaboration to support a finding that a patient care ombudsman is unnecessary. Accordingly, the Court has scheduled the necessary evidentiary hearing.

The Debtor avers in its Report that it ceased operations and last provided patient care on June 25, 2022 at which time the West Virginia Division of Corrections and Rehabilitation awarded its institutional health care contract to a different provider. (Dkt.8, ¶ 3) The Debtor's report states that it provided a copy of all patient records to the new health care provider and the Division of Corrections and Rehabilitation, and that the Debtor currently has no operations, no assets, no employees, and no patients. (*Id*., ¶¶ 4, 5) The U.S. Trustee has no reason to doubt the truth of the Debtor's statements, as pled by counsel. The Debtor must adduce evidence in support of these statements for the Court to weigh against the Thomas factors in order to rebut the presumption that appointment of a patient care ombudsman is necessary. If evidence supports that the Debtor did cease operations and patient records were transferred as described, the U.S. Trustee would not object to the Debtor's request to waive the requirement for appointment of a patient care ombudsman in this matter.

**Conclusion**

Pending the evidentiary hearing scheduled February 1, 2024, the United States Trustee lacks a factual basis to agree with the Debtor's assertion that appointment of a patient care ombudsman is not necessary under the facts of the case. The United States Trustee reserves the right to update its position on the record following the production of evidence to be measured against the nine factors of In re Thomas Health Sys., 2020 Bankr. LEXIS 965 (Bankr. S.D. W. Va. Apr. 6, 2020).

Date: January 30, 2024                                  Respectfully submitted,

                                                                     GERARD R. VETTER,
                                                                     Acting United States Trustee
                                                                     By Counsel

/s/ Beth Kavitz
Beth Kavitz (WV Bar No. 10348)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV  25301
(304)347-3400
Beth.Kavitz@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System, and have served the foregoing motion upon the parties shown below via regular U. S. mail, postage prepaid or via electronic mail:

Joseph Supple,Esq.
Attorney for Debtor

PrimeCare Medical of West Virginia, Inc.
3940 Locust Lane
Harrisburg, PA 17109-4023

All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF.

Dated:  January 30, 2024

/s/ Beth Kavitz
Beth Kavitz (WV Bar No. 10348)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV  25301
(304)347-3400
Beth.Kavitz@usdoj.gov